[No. 2853. Decided February 14, 1898.]

J. C. HORR, *Respondent*, v. CAROLINE A. POWE, *Appellant*.

VENDOR'S LIEN ON PERSONALTY — FORECLOSURE.

Where the vendor of personal property reserves a lien thereon by contract to secure the payment of the purchase price, such lien is enforcible even after the vendor has parted with the possession of the property.

Appeal from Superior Court, Thurston County.—Hon. T. M. REED, JR., Judge. Affirmed.

*A. L. Campbell*, for appellant.

*George H. Funk*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The complaint in this action alleges in substance that the appellant entered into an agreement with respondent for the purchase of certain furniture and fixtures described in the complaint, that as a part of said agreement plaintiff should have a lien upon the property for the purchase price, and that payment should be made within 180 days thereafter; that in pursuance of such agreement appellant went into possession of the property; that the whole amount of the purchase price was due and unpaid at the time of the commencement of this action and appellant still remained in possession of the property. The prayer was for judgment for the amount of the purchase price and a decree authorizing the sale of the property in order to pay the same and for other relief. The appellant interposed a general demurrer, which was overruled, and appellant electing to stand by the demurrer, judgment and decree was entered in respondent's favor, from which this appeal was taken. We think appellant has misapprehended

the nature of the action. It may be conceded that in the absence of express contract the vendor of personal property has no lien for the unpaid purchase money after parting with possession, but the complaint in this case specifically alleges that there was such a contract, and, as between the parties, we perceive no reason why their contract stipulations should not be enforced. The relief afforded by the judgment and decree accords with the contract of the parties.

Affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.